RECORD NO. 15-4738

In The
# United States Court of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## THOMAS BRANTLEY JENKINS, II,

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

---

BRIEF OF APPELLANT

---

Michael E. Archenbronn
ATTORNEY AT LAW
Post Office Box 30181
Winston Salem, North Carolina  27130
(336) 725-1272

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

JURISDICTIONAL STATEMENT ..................................................................... 1

NATURE OF APPEAL ........................................................................................ 2

STATEMENT OF THE ISSUE............................................................................. 3

STATEMENT OF THE CASE .............................................................................. 4

SUMMARY OF ARGUMENT ............................................................................. 7

ARGUMENT ......................................................................................................... 8

    Standard of Review ................................................................................... 8

    Discussion ................................................................................................... 9

        WHETHER THE DISTRICT COURT'S SENTENCE OF ONE HUNDRED AND FIFTY (150) MONTHS WAS REASONABLE UNDER 18 U.S.C. § 3553(a) AS THE COURT FAILED TO ADEQUATELY TAKE INTO CONSIDERATION NONFRIVILOUS MITIGATING CIRCUMSTANCES, AND AS A RESULT, FAILED TO IMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE OBJECTIVES OF 18 U.S.C. § 3553(a) ........................................................................ 9

CONCLUSION .................................................................................................... 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anders v. California*,
    386 U.S. 738 (1967) ................................................................. 2, 7, 12

*Gall v. United States*,
    552 U.S. 38 (2007) ................................................................................ 8

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988) .............................................................................. 2

*Penson v. Ohio*,
    488 U.S. 75 (1988) ................................................................................ 2

*Rita v. United States*,
    551 U.S. 338 (2007) ............................................................................ 10

*United States v. Booker*,
    543 U.S. 220 (2005) ............................................................................ 10

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) .............................................................. 10

*United States v. Llamas*,
    599 F.3d 381 (4th Cir. 2010) ................................................................ 8

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ................................................................ 8

*United States v. Osborne*,
    514 F.3d 377 (4th Cir. 2008) ................................................................ 8

**STATUTES**

18 U.S.C. § 3231 ............................................................................................... 1

18 U.S.C. § 3553(a) ................................................................................. *passim*

18 U.S.C. § 3742(a) ......................................................................................... 1

21 U.S.C. § 841(a)(1) ...................................................................................... 5

28 U.S.C. § 1291 ............................................................................................. 1

28 U.S.C. § 1294 ............................................................................................. 1

**RULE**

Fed. R. App. P. 3 ............................................................................................. 1

## JURISDICTIONAL STATEMENT

This is a direct appeal of Thomas Brantley Jenkins's sentence in a Federal criminal case. Jurisdiction was conferred upon the United States District Court under 18 U.S.C. § 3231. Appellate jurisdiction is conferred upon the Fourth Circuit Court of Appeals under 28 U.S.C. §§ 1291 and 1294. Appellate jurisdiction for the review of an otherwise final sentence is governed by 18 U.S.C. § 3742(a) and Federal Rule of Appellate Procedure 3. Mr. Jenkins gave notice of appeal on November 27, 2015 from the final judgment that was entered on November 19, 2015.

## NATURE OF APPEAL

This brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967) (as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988)) and *Penson v. Ohio*, 488 U.S. 75 (1988).

## STATEMENT OF THE ISSUE

WHETHER THE DISTRICT COURT'S SENTENCE OF ONE HUNDRED AND FIFTY (150) MONTHS WAS REASONABLE UNDER 18 U.S.C. § 3553(a) AS THE COURT FAILED TO ADEQUATELY TAKE INTO CONSIDERATION NONFRIVILOUS MITIGATING CIRCUMSTANCES, AND AS A RESULT, FAILED TO IMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE OBJECTIVES OF 18 U.S.C. § 3553(a).

## STATEMENT OF THE CASE

Pursuant to an investigation into an unusually high quantity of pseudoephedrine being purchased in Richmond County, deputies with the Richmond County Sheriff's Department learned that specific individuals were involved the manufacture of methamphetamine. Further investigation showed that Thomas Jenkins, II was one of the suspects involved in the manufacture of methamphetamine. Individuals charged in past and present conspiracies reported that Mr. Jenkins was manufacturing methamphetamine in the house in which he was living that belonged to his father. Some also admitted to supplying Mr. Jenkins with pseudoephedrine that he would then "cook" into methamphetamine. (Presentence Report hereinafter "PSR" pp. 8-9, and 14-15, ¶¶ 33-34 and 49-50) In addition to those suppliers, investigation also revealed that Mr. Jenkins had personally purchased pseudoephedrine on 49 occasions within a two-year period of time and was blocked from purchasing on ten occasions during that time span. The total amount of successful purchases by Mr. Jenkins amounted to 118.08 grams of pseudoephedrine. (PSR pp. 15, ¶50)

Based on this investigation, agents obtained a search warrant to search Mr. Jenkins's residence. As a result of this search, police seized numerous firearms belonging to his father, 2.4 grams of pseudoephedrine, along with

4

equipment and other items used in the manufacture of methamphetamine. (PSR p. 15, ¶ 51)

On March 30, 2015, Thomas Jenkins, and fourteen co-defendants were named in a single count indictment that charged him with conspiracy to manufacture methamphetamine. (PSR p. 4, ¶¶ 1-2) On July 9, 2015, Mr. Jenkins pleaded guilty to object two of the conspiracy namely, conspiracy to manufacture quantities of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (PSR p. 4, ¶ 3) On October 16, 2015 the United States Probation Office drafted a final presentence investigation report (PSR) that placed his maximum sentence at 20 years and his guideline sentence range at 188 to 235 months. (PSR p. 36, ¶¶ 142-143) His guideline range was based upon a criminal history category of II and a weight of 605.8 grams of pseudoephedrine. (PSR p. 15, ¶ 52)

At sentencing, Mr. Jenkins requested a downward variance of his sentence based upon 18 U.S.C. § 3553(a) factors. (Sent. transcript p. 10) After hearing from both sides, the court made reference to Mr. Jenkins's prior and current criminal activity as well as the items discovered at his residence pursuant to the search warrant. As to the mitigating factors raised by defense counsel, the court stated:

5

>       I understand Mr. Archenbronn's argument that a sentence below the guideline range, it would be supported by his long work history and his reputation in the community and his health issues. I understand the argument about the disparity in sentencing between him and other folks who were also cooking methamphetamine, but it does seem to me, that his role was more substantial.  He did, as Mr. Barrett pointed out, make his basement available as a safe place for the manufacture of this drug. I certainly agree with Mr. Archenbronn that some of these folks would have cooked it anywhere, and they did cook it anywhere.
>
>                               (Sent. transcript p. 34)

The court then went on to impose sentence.  In doing so the Court specifically noted:

>       [The conspiracy] was a big operation, and [Mr. Jenkins] was in -- I agree he was not as culpable as Mr. McGee, but his guideline range is lower, and for those reasons, I cannot see my way clear to a variant sentence.  I would, however, acknowledge the importance of all of those factors that Mr. Archenbronn pointed out, and think that a sentence at the low end is appropriate.  Working from a sentence of 188 months, granting the government's motion for a departure based on substantial assistance and giving Mr. Jenkins the benefit of that 20-percent reduction, the appropriate sentence is 150-months.
>
>                               (Sent. transcript pp. 35)

The court then sentenced Mr. Jenkins to the sentence of one hundred and fifty (150) months.  (Sent. transcript pp. 36)

6

## SUMMARY OF ARGUMENT

Since the undersigned counsel has concluded that in his opinion, there are no meritorious issues for appeal, this brief is submitted to the Court pursuant to the decision of the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967). Counsel however respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether counsel has overlooked any justifiable issue.

Additionally, the issue Mr. Jenkins wishes to raise is that the district court committed error by failing to adequately address the 18 U.S.C. § 3553(a) non-frivolous mitigating statutory factors that he raised at sentencing before imposing a sentence of one hundred and fifty (150) months, thus rendering his sentence greater than necessary to achieve the goals of § 3553(a).

# ARGUMENT

**Standard of Review**

In assessing a trial court's sentence for reasonableness, courts of appeals must review the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in the review of a sentence requires that the Court "ensure that the district court committed no significant procedural error, such as . . . improperly calculating the Guidelines range . . .[or] selecting a sentence based on clearly erroneous facts." To determine whether a sentencing court properly applied the Guidelines, the court must review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008). If the sentence is free of significant procedural error, the appellate court reviews under an abuse-of-discretion standard, the substantive reasonableness of the sentence, *Gall*, 552 U.S. at 51; *United States v. Lynn*, 592 F.3d 572, 579 (4th Cir. 2010); *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). If the district court abused its discretion, the Court of Appeals will "reverse unless… the error was harmless." *Lynn*, 599 F.3d. at 576. Where the district court commits error, the Government bears the burden of demonstrating that the error was harmless. *Id*. at 585.

**Discussion**

WHETHER THE DISTRICT COURT'S SENTENCE OF ONE HUNDRED AND FIFTY (150) MONTHS WAS REASONABLE UNDER 18 U.S.C. § 3553(a) AS THE COURT FAILED TO ADEQUATELY TAKE INTO CONSIDERATION NONFRIVILOUS MITIGATING CIRCUMSTANCES, AND AS A RESULT, FAILED TO IMPOSE A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACHIEVE THE OBJECTIVES OF 18 U.S.C. § 3553(a).

Title 18, United States Code, § 3553(a) lists the factors to be considered in imposing a sentence that is sufficient but not greater than necessary to meet the purposes listed below in subsection (2). This subsection directs that the court, when determining a particular sentence to impose, shall consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed -
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant;
   (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner...
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
(5) any pertinent policy statement…

9

>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Procedural error occurs when the district court fails to adequately explain the chosen sentence. *United States v. Booker*, 543 U.S. 220 (2005), and it progeny require an individualized application of the sentencing factors set for in 18 U.S.C. § 3553(a) to the facts and circumstances of each defendant and each case. See generally, *Rita v. United States*, 551 U.S. 338, 348, 350-51 (2007). District courts must conduct an "individualized assessment of the particular facts of every sentence, whether the sentencing court imposes a sentence above, below, or within the guidelines. *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009) In *Carter*, this Court held that regardless of whether the district court imposes an above, below, or within Guidelines sentence, it must place on the record an "individualized assessment" based on the particular facts of the case before it. *Id.* at 330. This individualized assessment need not be elaborate or lengthy, but it had to provide *a rationale tailored to the particular case at hand* and adequate enough as the court put it, to permit "meaningful appellate review." (Emphasis added) *Id*.

10

At sentencing, Mr. Jenkins argued for a downward variance based upon the fact that he manufactured methamphetamine primarily for personal use. Additionally, Mr. Jenkins presented numerous character letters on his behalf, extolling Mr. Jenkins's helpfulness, work ethic, and community support.

Although the district court did address his sentencing arguments, Mr. Jenkins's argues that the court placed undue weight upon the dangerousness of the manufacture and use of methamphetamine. Mr. Jenkins further argues that the court therefore erred in sentencing him without fully taking into consideration the non-frivolous factors he raised in his request for a downward variance. In so ruling, Mr. Jenkins alleges that the court failed to provide a sufficient individualized assessment of the applicable 18 U.S.C. § 3553(a) factors resulting in a sentence that was greater than necessary to achieve the goals of 3553(a). Thus, Mr. Jenkins respectfully asserts that his sentence was procedurally and substantially unreasonable.

## CONCLUSION

Counsel for Mr. Jenkins has thoroughly reviewed the entire record of Mr. Jenkins's case but could find no meritorious issue to appeal. Counsel however, respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether any justifiable issue has been overlooked by counsel and grant such relief to Mr. Jenkins as this Court deems warranted. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Counsel submits this brief in order to provide what assistance he can to the Court in conducting its review. The undersigned counsel stands ready to brief and orally argue any issue so identified by the Court. A copy of this brief will be sent to Mr. Jenkins. Counsel also respectfully requests that this Court allow Mr. Jenkins time "to raise any points that he chooses" in support of his appeal. *Anders*, 386 U.S. at 744.

Respectfully submitted, this the 23rd of March, 2016

/s/ Michael E. Archenbronn
Michael E. Archenbronn
Attorney for Appellant
P.O. Box 30181
Winston Salem, NC 27130
(336) 725-1272

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,966*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: March 23, 2016                    /s/ Michael E. Archenbronn
                                         *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 23rd day of March, 2016, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Clifton T. Barrett
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgeworth Street, 4th Floor
> Greensboro, North Carolina  27401
> (336) 333-5351
>
> *Counsel for Appellee*

I further certify that on this 23rd day of March, 2016, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon the Appellant, at the address below:

> Thomas Jenkins
> BOP No. 30727-057
> FCI Petersburg Low
> Federal Correctional Institution
> P.O. Box 1000
> Petersburg, VA  23804
>
> *Appellant*

/s/ Michael E. Archenbronn
*Counsel for Appellant*